UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 12, 2013

LETTER TO COUNSEL:

      RE:    *Belinda Ann Sparks v. Commissioner, Social Security Administration*;
               Civil No. SAG-12-3352

Dear Counsel:

      On November 15, 2012, the Plaintiff, Belinda Ann Sparks, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 10, 12). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Sparks filed her claim on May 27, 2008, alleging disability beginning on September 1, 1990. (Tr. 212-14). She later amended her alleged disability onset date to May 1, 2005. (Tr. 19). Her claim was denied initially on July 17, 2008, and on reconsideration on December 3, 2008. (Tr. 125-28, 136-37). After a hearing, an Administrative Law Judge ("ALJ") determined on September 14, 2009 that Ms. Sparks was not disabled. (Tr. 31-67, 112-21). After the Appeals Council remanded the case for further consideration (Tr. 122-24), the ALJ held a second hearing on September 28, 2011. (Tr. 68-109). Following that hearing, on October 21, 2011, the ALJ determined that Ms. Sparks was not disabled during the relevant time frame. (Tr. 16-30). The Appeals Council denied Ms. Sparks's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Sparks suffered from the severe impairments of seizure disorder, organic mental disorder, alcohol abuse, alcohol-induced hepatitis C, and mild obesity. (Tr. 21). Despite these impairments, the ALJ determined that Ms. Sparks retained the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 CFR 416.967(c), with the ability to lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk eight hours and sit 6 or more hours for a combined total of eight hours in a given work day, can stoop, squat, crawl, climb, balance, kneel, and climb stairs with no limitation, should not be exposed to hazards such as ladders, scaffolds, dangerous heights, or machinery, and should not work in close proximity to heat, vibration,

> dust, fumes, or gases in concentrated exposure. The claimant is able to understand, remember and carry out simple one or two step instructions. She is capable of performing within a schedule, being on time, and producing an adequate amount of work, but she should have no production line quotas or team-work. The claimant should be required to have no more than occasional interaction with the general public in her job.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Sparks could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 29-30).

On appeal, Ms. Sparks argues that the ALJ erroneously relied on the testimony of the VE. Pl. Mot. 3-5. Specifically, Ms. Sparks contends that the ALJ failed to include, in the hypothetical posed to the VE, the marked limitations in ability to understand, remember, and carry out detailed instructions that were found by the state agency physician reviewing the case. *Id.* at 5. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Moreover, the ALJ specifically limited the RFC and the hypothetical question to a person able to understand, remember and carry out simple one- or two-step instructions. (Tr. 25, 93). As a result, any limitations pertaining to detailed instructions would not be relevant. The ALJ therefore did not err in composing the hypothetical question.

Ms. Sparks further argues that the VE identified occupations requiring a Reasoning Level of two, which, she argues, "corresponds to the ability to carry out detailed written or oral instructions." Pl. Mot. 4. However, courts have consistently found that reasoning levels of two and three are consistent with limitations to simple instructions. *See, e.g., Clarkson v. Comm'r Soc. Sec. Admin.*, Civil No. SAG-11-631, 2013 WL 308954, at *2 (D. Md. Jan. 24, 2013); *see also Hynes v. Barnhart*, No. 04CV490SM, 2005 WL 1458747, at *5 (D.N.H. June 15, 2005) (explaining that reasoning level three requires the abilities typically possessed by a person who has completed the seventh or eighth grade). Moreover, in the hypothetical question, the ALJ specifically asked for jobs involving "one- and two-step instructions, not complex or detailed instructions; simple instructions only." (Tr. 93). The VE confirmed that the work in question would be "very repetitive." *Id.* Accordingly, there is no reason to believe that the jobs identified by the VE would require Ms. Sparks to follow detailed instructions, and the ALJ did not err by relying on the VE's testimony.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 10) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 12) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge